Per Curiam.

The facts found show a proper ground for an action on the case. The plaintiff, not being in actual possession, nor having the right to possession against his lessee, could not maintain trespass. Case is the proper remedy for the landlord, when an injury is done to the inheritance.[1]
The case of Starr v. Jackson affirms this doctrine, and only decides that trespass may be maintained by the landlord when the lessee is only tenant at will, not that case, even under those circumstances, would not lie.[2]

Judgment according to verdict '.

 See Hall v. Snowhill, 2 Green, 8; Ran dell v. Cleaveland, 7 Connect. R. 328.

 See Hinghani v. Sprague, 15 Pick. 102. In New York, case only will lie even where the land is in possession of tenant at will. Campbell v. Arnold, 1 Johns. R. 511; Tobey v. Webster, 3 Johns. R. 468. See also Revett v. Brown, 5 Bingh. 7; Harper v. Charleicorth, 4 Barn. & Cressw. 574, and cases cited in Starr v Jackson, 11 Mass. R. (Rand’s edit.) 527, note (a).